**UNITED STATES DISTRICT COURT**
**SOUTHEN DISTRICT OF FLORIDA**
CASE NO.:

DIANA SANTIAGO,

    Plaintiff,

v.

DMD RESTAURANT GROUP LLC d/b/a TWIN PEAKS,
a Florida Limited Liability Company

    Defendant.
_____/

## COMPLAINT

Plaintiff, DIANA SANTIAGO ("SANTIAGO" or Plaintiff), by and through her undersigned counsel, hereby files this Complaint against Defendant, DMD RESTAURANT GROUP LLC d/b/a TWIN PEAKS (hereinafter, "DMD" or "Defendant") and says:

### JURISDICTION AND VENUE

1.    This action is brought against Defendant for its unlawful employment practices pursuant to the Title VII of the Civil Rights Act of 1964 ("Title VII"), amended by the Pregnancy Discrimination Act of 1978 ("PDA"), 42 U.S.C. §§ 2000e, *et seq.*, and the Florida Civil Rights Act ("FCRA"), Chapter 760, Florida Statutes.

2.    This Court has jurisdiction of the claims herein pursuant to 28 U.S.C. §§ 1331, 1343, and 1367.

3.    Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) and (c), because Plaintiff was employed by Defendant in this District; because Defendant, at all material times, conducted and continues to conduct business in the Southern District of Florida; because the

1

actions which give rise to Plaintiff's claims happened within the Southern District of Florida; and because Defendant is subject to personal jurisdiction herein.

4. All conditions precedent to this action have been performed or waived.

## PARTIES

5. Plaintiff is a resident of Broward County, Florida, over the age of 18 years and otherwise *suis juris*. During all times relevant to this Complaint, Plaintiff was employed by Defendant as a server.

6. Plaintiff is a female and is a member of a class protected under the PDA and the FCRA because the terms, conditions, and privileges of her employment were altered because of her sex and/or pregnancy.

7. Defendant DMD is a Florida Limited Liability Company organized and existing under and by virtue of the laws of Florida and registered to do business within Florida, with its principal place of business in Broward County, Florida. Defendant has, at all times material hereto, conducted substantial and continuous business within the Southern District of Florida, and is subject to the laws of the United States and the State of Florida.

8. Defendant has, at all times material, employed 15 or more employees for each working day in each of twenty or more calendar weeks in the current or preceding year in accordance with Title VII and the FCRA (42 U.S.C. §2000e(b); Fla. Stat. §760.02(7)).

9. Plaintiff has exhausted her administrative remedies by filing a timely charge of discrimination against Defendant with the Equal Employment Opportunity Commission ("EEOC") which was dually filed with the Florida Commission on Human Relations ("FCHR") pursuant to the work-sharing agreement between the EEOC and the FCHR.

10. Plaintiff filed her charge on or about March 12, 2019, which was no more than 300 days after the last discriminatory event occurred, to wit: December 1, 2018.

11. Plaintiff was issued a Notice of Right to Sue on November 15, 2019. This suit is filed in accordance with that Notice and within the applicable 90-day time limitation (a copy of the Notice is attached hereto as Exhibit "A").

12. The EEOC did not issue a finding on Plaintiff's charge within 180 days of the filing of said charge, and therefore terminated its processing of said charge.

## GENERAL ALLEGATIONS

13. Plaintiff worked for Defendant as a server from June 2018 until her termination on or about December 1, 2018.

14. In November 2018, Plaintiff's pregnancy started to show, and customers started to realize that Plaintiff was pregnant.

15. Due to the pregnancy, Plaintiff sometimes experienced nausea towards midnight, so she asked to leave early before finishing her shift, putting Defendant on notice of her pregnancy.

16. On or about December 1, 2018, Plaintiff was terminated for allegedly serving alcohol to underage customers on November 25, 2018.

17. Between November 25, 2018 and December 1, 2018, Plaintiff was never advised of the alleged incident, and she worked her shifts as usual.

18. Plaintiff does not recall serving alcohol to any underage customers.

19. Based on knowledge and belief, Defendant does not have a no tolerance policy, and certain servers who actually served alcohol to underage customers were not terminated.

20. Defendant had no legitimate, non-discriminatory reason for terminating Plaintiff. However, even if Defendant could proffer a reason for terminating Plaintiff, her sex and especially her pregnancy was, at minimum, a motivating factor in Defendant's decision to terminate Plaintiff's employment.

21. Plaintiff has retained the undersigned firm to prosecute this action on her behalf and has agreed to pay it a reasonable fee for its services.

22. Plaintiff is entitled to her reasonable attorneys' fees and costs if they are prevailing parties in this action.

## COUNT I: VIOLATION OF THE CIVIL RIGHTS ACT OF 1964
## (DISCRIMINATION BASED ON PREGNANCY)

23. Plaintiff re-alleges and re-avers paragraphs 1 – 22 as fully set forth herein.

24. Plaintiff brings this action under the PDA, 42 U.S.C. §2000e(k) for damages caused by Defendant's unlawful employment practices against Plaintiff.

25. Plaintiff is a member of a protected class at the time the discriminatory actions took place, to wit: a pregnant female.

26. Plaintiff was terminated by Defendant soon after her pregnancy became visible. The reason proffered for Plaintiff's termination was for allegedly serving alcohol to underage customers, but other similarly-situated servers were not terminated.

27. Defendant's proffered reason for Plaintiff's termination is pretextual.

28. The action taken by Defendant by and through its managers, and/or agents, were done because of Plaintiff's pregnancy.

29. Even if Defendant had a legitimate, non-discriminatory reason, Plaintiff's pregnancy was, at minimum, a motivating factor in Defendant's decision for her termination.

30. Plaintiff's termination constituted an adverse employment action under the FCRA.

31. Defendant's general manager acted with intentional disregard for Plaintiff's rights as a woman and a person protected under Title VII. Defendant, by and through its officers, and/or supervisors, authorized, condoned, and/or ratified the unlawful conduct of its general manager, and/or other employees.

32. Plaintiff is entitled to such affirmative relief as may be appropriate, including, but not limited to, lost wages, benefits, and compensation for emotional distress, pursuant to the provisions of Title VII of the Civil Rights Act of 1964, § 706(g) as a direct result of Defendant's discriminatory actions.

33. Plaintiff, based on information and belief, alleges that Defendant's actions were done with malice, and with disregard for her protected rights under the Title VII, amended by the PDA. Defendant, by and through its officers, and/or supervisors, authorized condoned and/or ratified the unlawful discriminatory employment practices of its general manager. Therefore, Plaintiff is also entitled to punitive damages from Defendant in a sum according to proof at trial.

WHEREFORE, Plaintiff DIANA SANTIAGO requests that:

a) The Court grant Plaintiff judgment against Defendant to compensate her for past and future pecuniary losses, including injury to her professional reputation, and emotional pain and suffering caused by Defendant's discriminatory treatment in an amount to be determined at trial and in accordance with the Civil Rights Act of 1964, § 706(g);

b) The Court award Plaintiff the costs of this action, together with her reasonable attorneys' fees incurred herein, pursuant to contract and/or statute; and

    c) The Court award Plaintiff such other and further relief as the Court deems appropriate.

### COUNT II: VIOLATION OF THE FCRA
### (DISCRIMINATION BASED ON PREGNANCYU)

34. Plaintiff re-alleges and re-avers paragraphs 1 – 22 as fully set forth herein.

35. Plaintiff brings this action under the FCRA. § 760.01 *et seq.*, for damages caused by Defendant's unlawful employment practices against Plaintiff.

36. Plaintiff was a member of a protected class under the FCRA at the time the discriminatory actions took place, to wit: a pregnant female.

37. Plaintiff was terminated by Defendant soon after her pregnancy became visible. The reason proffered for Plaintiff's termination was for allegedly serving alcohol to underage customers, but other similarly-situated servers were not terminated.

38. Defendant's proffered reason for Plaintiff's termination is pretextual.

39. The action taken by Defendant by and through its managers, and/or agents, were done because of Plaintiff's pregnancy.

40. Even if Defendant had a legitimate, non-discriminatory reason, Plaintiff's pregnancy was, at minimum, a motivating factor in Defendant's decision for her termination.

41. Plaintiff's termination constituted an adverse employment action under the FCRA.

42. Defendant's general manager acted with intentional disregard for Plaintiff's rights as a woman and a person protected under Title VII. Defendant, by and through its officers, and/or supervisors, authorized, condoned, and/or ratified the unlawful conduct of its general manager, and/or other employees.

43. Plaintiff is entitled to such affirmative relief as may be appropriate, including, but not limited to, lost wages, benefits, and compensation for emotional distress, pursuant to the provisions of Title VII of the Civil Rights Act of 1964, § 706(g) as a direct result of Defendant's discriminatory actions.

44. Plaintiff, based on information and belief, alleges that Defendant's actions were done with malice, and with disregard for her protected rights under the Title VII, amended by the PDA. Defendant, by and through its officers, and/or supervisors, authorized condoned and/or ratified the unlawful discriminatory employment practices of its general manager. Therefore, Plaintiff is also entitled to punitive damages from Defendant in a sum according to proof at trial.

WHEREFORE, Plaintiff DIANA SANTIAGO requests that:

a) The Court grant Plaintiff judgment against Defendant to compensate her for past and future pecuniary losses, including injury to her professional reputation, and emotional pain and suffering caused by Defendant's discriminatory treatment in an amount to be determined at trial and in accordance with the FCRA;

b) The Court award Plaintiff the costs of this action, together with her reasonable attorneys' fees incurred herein, pursuant to contract and/or statute; and

c) The Court award Plaintiff such other and further relief as the Court deems appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff DIANA SANTIAGO hereby demands trial by jury on all issues and all counts of this Complaint so triable as a matter of right.

Dated: January 15, 2020

        LAW OFFICES OF CHARLES EISS, P.L.
        Attorneys for Plaintiff
        7951 SW 6th Street, Suite 112
        Plantation, Florida 33324
        (954) 914-7890 (Office)
        (855) 423-5298 (Facsimile)

By: /s/ Charles M. Eiss
     CHARLES M. EISS, Esq.
     Fla. Bar #612073
     chuck@icelawfirm.com
     TIEXIN YANG, Esq.
     Fla. Bar #1010651
     tiexin@icelawfirm.com